# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

PHILLIPP MERILATT, *et al.*,

     Plaintiffs,

v.                                       CV-01-869  WJ/RLP

THE STATE OF FLORIDA, *et al.*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants State of Florida, the Department of Environment Protection ("DEP"), and Governor Jeb Bush's (hereinafter State of Florida Defendants) Motion to Dismiss [Docket No. 15], Plaintiff's Motion for Default Judgment [Docket No. 11], and Plaintiff's Motion for Change of Venue [Docket No. 26]. Plaintiff seeks issuance of offshore oil drilling permits for sites allegedly leased to Coastal Caribbean Oils & Minerals, Ltd. ("CCO") and Coastal Petroleum Co. ("CPC"). Having considered the submissions of the parties and the applicable law, the Court will GRANT the motion to dismiss Plaintiff's complaint [Docket No. 15], DENY Plaintiff's Motion for Default Judgment [Docket No. 11], DENY Plaintiff's Motion for change of venue [Docket No. 26], DISMISS *sua sponte* the claims against all defendants, and DENY as moot the remaining motions pending in this case.

## BACKGROUND

This matter comes before the Court on Plaintiff's complaint for "specific performance and pursuant to 15 U.S.C. §§ 1 and 2." The complaint, filed by Plaintiff *pro se* on behalf of himself and

other shareholders of two corporate entities,[1] names the following Defendants: State of Florida, Gov. Jeb Bush, State of Florida Department of Environmental Protection, Secretary of the Interior Gale Norton, Sierra Club, the alleged or acting President of the U.S.A., George Bush, Jr. [sic], and others with an adverse interest which may be entitled to notice not named herein [Docket No. 1].

Plaintiff alleges that shareholders of CCO and CPC have failed to realize a return on their stock in these companies because Defendant DEP has refused to issue drilling permits for offshore sites leased by CCO and CPC, "including those [sites] known as 224-A and 224-B" (Doc. 1). The Plaintiff further alleges that the DEP's refusal to issue drilling permits to CCO and CPC constitutes a prohibited restraint of trade.

## DISCUSSION

I.   <u>Defendants State of Florida, the Department of Environmental Protection ("DEP"), and Governor Jeb Bush's Motion to Dismiss</u>

This suit against the State of Florida is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

---

[1]The Court notes that Plaintiff *pro se* may file a civil complaint on his own behalf. Plaintiff, however, is not entitled, and Local Rule 83.3 does not allow him, to represent anyone other than himself. Because the Court dismisses Plaintiff's complaint in its entirety, the Court does not address the propriety of Plaintiff's attempt to represent other shareholders in this cause of action and the impact this would have on Plaintiff's motions to certify a class [Docket Nos. 24 and 28]. However, if Plaintiff should attempt, in the future, to file a similar cause of action, he is put on notice that a *pro se* litigant may only represent himself, and any representation of other persons, including a class, must be by a licensed attorney in accordance with local rules.

U.S. Const. amend. XI. Plaintiff is a citizen of New Mexico, and suit by him against the State of Florida is within the express terms of the Eleventh Amendment's prohibition. Therefore, this suit against the State of Florida is barred.

The Florida Department of Environmental Protection is a state agency created by Florida law. As a state agency, the DEP is an "arm of the state" and is consequently entitled to Eleventh Amendment immunity. *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226 (10th Cir. 1999). The DEP is created by Florida state law, the head of the Department is appointed by the Governor of Florida and confirmed by the Florida Senate, the Department may act only in accordance with statutory authority, its funds are appropriated by the Florida state legislature, and the Department has no ability to issue bonds and levy taxes. The DEP thus meets the factors enunciated in *Sutton* for determining whether a state agency is entitled to Eleventh Amendment Immunity. *Id.* at 1232. The Eleventh Amendment therefore bars this suit against the Florida Department of Environmental Protection.

This suit is brought against Governor Jeb Bush of Florida. Governor Bush is entitled to Eleventh Amendment immunity because he is sued in his official capacity. The complaint specifically names Jeb Bush as Governor of Florida, and Plaintiff seeks relief from Governor Bush that would be available to him only in his official capacity as governor. A suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office, and thus is no different from a suit against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Therefore, this suit against Governor Bush is barred by the Eleventh Amendment.

II.     Plaintiff's Motion for Default Judgment

As a preliminary matter, the Court notes that Plaintiff failed to obtain summons from the clerk of the Court and did not serve summons on any of the Defendants. Therefore, on this basis alone, this Court must deny Plaintiff's motion for Default Judgment. Additionally, Plaintiff's Motion with regard to the State of Florida Defendants is moot as these Defendants entered an appearance in the case by filing a Rule 12(b) motion prior to any entry of default. However, as this Court will grant the 12(b) motion on grounds of immunity, the Court will address Plaintiff's Motion for default judgment with regard to these Defendants to clarify that other grounds exist for dismissing these Defendants and denying Plaintiff's motion. The Court will also address Plaintiff's Motion with regard to the other Defendants as the discussion brings to the attention of the Court fatal defects in Plaintiff's cause of action that require dismissal of that action.

This Court lacks *in personam* jurisdiction over the State of Florida, the Florida Department of Environmental Protection, and Governor Bush. These Defendants lack sufficient contact or relationship with the State of New Mexico to give this Court jurisdiction over these Defendants. These Defendants raised the defense of a lack of personal jurisdiction in their motion to dismiss and thus did not consent to the jurisdiction of this Court. Accordingly, this Court has no jurisdiction to grant a default judgment against these Defendants.

The United States District Court for the District of New Mexico is an improper venue for this cause of action under 28 U.S.C. § 1391. The State of Florida Defendants raised this issue in their Rule 12(b) motion, and thus have not consented to venue in this District. Plaintiff has filed a motion

4

requesting a change of venue, [Docket No. 26], and the Court interprets this as a request that the Court utilize its powers under 28 U.S.C. § 1406 to cure the defect in venue. However, the Court does not find that it is in the interests of justice to transfer venue in this case given the immunity of the Florida and federal Defendants and this Court's lack of *in personam* jurisdiction over any of the Defendants. For all of these reasons, Plaintiff's Motion for Default Judgment [Docket No. 11] as it pertains to the State of Florida Defendants will be denied.

This suit is also brought against President George Bush and Secretary of the Interior Gale Norton. The complaint specifically names "George Bush" and "Gale Norton" in their official capacities, as "President of the United States" and "Secretary of the Interior," respectively. The Plaintiff also seeks relief that only could be granted through an official act of government: the issuance of offshore drilling permits in Florida (which he mistakenly alleges is within the power of these federal officials to grant). Therefore, Plaintiff's suit is to be construed as one against President Bush and Secretary Norton in their official capacities as agents of the United States. When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The doctrine of sovereign immunity bars suit against the United States. Therefore, this suit against President Bush and Secretary Norton is barred by the doctrine of sovereign immunity.

This suit against President Bush is also barred by the doctrine of presidential immunity. The president is entitled to absolute immunity from civil liability based on official acts. *Nixon v.*

*Fitzgerald*, 457 U.S. 731, 754 (1982). In *Fitzgerald*, the Court extended the President's absolute immunity to the "outer perimeter" of his official responsibility. *Id.* at 756. The complaint alleges nothing that could possibly implicate President Bush in a capacity beyond the "outer perimeter" of his official responsibility.

Additionally, the Federal Rules of Civil Procedure do not permit a federal court to grant a default judgment against the United States or any of its officers or agents unless and until a Plaintiff has established a right to relief by satisfactory evidence. Fed. R. Civ. P. 55(e). Plaintiff has not shown such right to relief in this case. Thus, this Court must deny Plaintiff's Motion for Default Judgment as it pertains to Secretary Norton and President Bush. Additionally, the Court will dismiss the claims against these Defendants as barred by the immunity discussed above.

Plaintiff names the Sierra Club as a defendant in this suit. The complaint merely makes conclusory allegations regarding the Sierra Club's involvement in the case and fails to state a claim upon which relief can be granted with regard to the Sierra Club. A court may dismiss a claim *sua sponte* for failure to state a claim when it is patently obvious that Plaintiff cannot prevail on the facts alleged in the claim. *See Curley v. Perry*, 246 F.3d 1170 (10th Cir. 2001). The complaint seeks the issuance of drilling permits by the State of Florida, but does not make any allegations as to how the Sierra Club might be involved in such relief. Therefore, this court dismisses, *sua sponte*, Plaintiff's claim against the Sierra Club.[2]

---

[2]The Court also notes that venue would not be proper in this Court over this Defendant, and that the Court would probably lack *in personam* jurisdiction over this Defendant based on the inadequate service of process and the lack of sufficient contacts of Defendant with the State of New Mexico.

**CONCLUSION**

Plaintiff's complaint against Defendants State of Florida, Gov. Jeb Bush, and State of Florida Department of Environmental Protection must be dismissed because these Defendants are entitled to Eleventh Amendment immunity. The claims against Secretary of the Interior Gale Norton and President George W. Bush must be dismissed based on the doctrine of sovereign immunity. The claim against President Bush is also barred by the doctrine of presidential immunity. Finally, Plaintiff's suit against the Sierra Club must be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the State of Florida Defendants' Motion to Dismiss [Docket No. 15] is hereby GRANTED and the claims against Defendants State of Florida, the Florida Department of Environment Protection and Florida Governor Jeb Bush are DISMISSED WITH PREJUDICE

IT IS ADDITIONALLY ORDERED that Plaintiff's Motion for Default Judgment [Docket No. 11] is hereby DENIED.

IT IS ALSO ORDERED that Plaintiff's motion for Change of Venue [Docket No. 26] is hereby DENIED.

IT IS ALSO ORDERED that Plaintiff's claims against Defendants President of the United States George W. Bush and United States Secretary of the Interior Gale Norton are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Sierra Club are DISMISSED WITHOUT PREJUDICE.

IT IS FINALLY ORDERED that all remaining pending motions in this case, [Docket Nos. 10, 24, 25, 28, AND 31] are DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE